JM:CAO
F.#2010R02132

FILED
CLERK

2012 JUL 31 PM 2: 28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -   SPATT, J.

RUFINO SANCHEZ,

               Defendant.   M.J.

- - - - - - - - - - - - - - - X

I N D I C T M E N T

**CR 12-0494**

Cr. No. _____
(T. 18, U.S.C., §§
981(a)(1)(C), 1341, 2 and 3551
et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

        At all times relevant to this Indictment, unless otherwise indicated:

I.   The Defendant and the Local R-310 Union

        1.   The Local R-310 Union (the "Local") was a local branch of the National Associate of Government Employees ("NAGE") and was located in Ronkonkoma, New York.  The Local represented approximately 90 active members.  All Local members worked for the Federal Aviation Administration ("FAA") as air traffic controller assistants.  The Local members operated terminal radar approach control facilities in airport terminals throughout the United States.

        2.   The defendant RUFINO SANCHEZ was an FAA employee and a member of the Local.  In or about and between December 2004 and November 2010, SANCHEZ served as the Local President.

SANCHEZ maintained the Local's books and records in Ronkonkoma, New York.

3.    The Local maintained one checking account, which the defendant RUFINO SANCHEZ opened in or about December 2004 as the sole signatory.  In connection with this account, SANCHEZ requested and received two debit cards: one in the name of the Local and one in his name.

4.    The FAA deducted the Local members' dues directly from their paychecks, based upon the Local's representation to its members and NAGE that the dues would be spent on Local business.  The FAA transferred the Local members' dues to NAGE's headquarters in Quincy, Massachusetts.  After deducting its portion of per capita dues, NAGE mailed a check (the "Local Dues Check") for the remaining amount of dues via the United States mail to the defendant RUFINO SANCHEZ.  SANCHEZ then deposited the Local Dues Checks in the Local's checking account.

II.   The Scheme

5.    On or about and between December 1, 2004 and November 1, 2010, the defendant RUFINO SANCHEZ knowingly and intentionally devised and executed a fraudulent scheme that allowed him to collect and spend Local dues for his own purposes.

6.    In or about and between December 2004 and March 2010, the defendant RUFINO SANCHEZ deposited approximately 56 Local Dues Checks totaling approximately $15,723.00 into the Local's checking account. SANCHEZ used all of those funds for his

2

own personal purposes, including purchases of pharmacy items and food.

7.    At the end of each fiscal year, the defendant RUFINO SANCHEZ was required to sign and submit a Form LM-4 Labor Organization Annual Report to NAGE.  In each of those reports, SANCHEZ falsely and fraudulently stated that less than $100 was paid to Local officials.  SANCHEZ also falsely and fraudulently stated in these NAGE reports that the balance of the Local dues was spent on official Local disbursements when, in fact, all of the Local dues were spent by SANCHEZ for his own purposes.

8.    The United States Department of Labor, Office of Labor and Management Standards, conducted a compliance audit of the Local between December 2009 and October 2010.  During the audit, the defendant RUFINO SANCHEZ falsely and fraudulently stated that the Local checking account had no debit card.

### COUNTS ONE THROUGH TWENTY-TWO
(Mail Fraud)

9.    The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

10.   On or about and between December 1, 2004 and November 1, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RUFINO SANCHEZ, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Local,

3

and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice and attempting to do so, did place and cause to be placed in one or more post offices and authorized depositories for mail matter, and did take and receive therefrom, matter and things to be delivered by the United States Postal Service, as identified below:

| Count | Approximate Date | Description of Mailing | Amount |
|---|---|---|---|
| ONE | August 2, 2007 | Local Dues Check | $255.00 |
| TWO | October 4, 2007 | Local Dues Check | $255.00 |
| THREE | November 6, 2007 | Local Dues Check | $255.00 |
| FOUR | December 27, 2007 | Local Dues Check | $264.00 |
| FIVE | January 15, 2008 | Local Dues Check | $270.00 |
| SIX | February 19, 2008 | Local Dues Check | $279.00 |
| SEVEN | April 9, 2008 | Local Dues Check | $276.00 |
| EIGHT | April 16, 2008 | Local Dues Check | $264.00 |
| NINE | May 7, 2008 | Local Dues Check | $258.00 |
| TEN | June 5, 2008 | Local Dues Check | $258.00 |
| ELEVEN | July 8, 2008 | Local Dues Check | $264.00 |
| TWELVE | August 6, 2008 | Local Dues Check | $264.00 |
| THIRTEEN | September 8, 2008 | Local Dues Check | $267.00 |
| FOURTEEN | October 17, 2008 | Local Dues Check | $270.00 |
| FIFTEEN | November 18, 2008 | Local Dues Check | $270.00 |
| SIXTEEN | December 9, 2008 | Local Dues Check | $270.00 |
| SEVENTEEN | January 14, 2009 | Local Dues Check | $270.00 |
| EIGHTEEN | July 8, 2009 | Local Dues Check | $267.00 |

| NINETEEN | August 7, 2009 | Local Dues Check | $264.00 |
|----------|----------------|------------------|---------|
| TWENTY | October 5, 2009 | Local Dues Check | $333.00 |
| TWENTY-ONE | November 3, 2009 | Local Dues Check | $255.00 |
| TWENTY-TWO | February 3, 2010 | Local Dues Check | $255.00 |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

11.   The United States hereby gives notice to the defendant RUFINO SANCHEZ that, upon conviction of any offense alleged in this Indictment, the United States will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, and all property traceable to such property, including but not limited to a sum of money representing the amount of gross proceeds obtained as a result of the offense.

12.   If any of the forfeitable property, as a result of any act or omission of the defendant RUFINO SANCHEZ:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

5

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant RUFINO SANCHEZ.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

6

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

vs.

RUFINO SANCHEZ,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1341, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

A true bill.

_____
                  Foreman

Filed in open court this _____ day,

of _____ A.D. 20 ____

_____
                     Clerk

Bail, $ _____

*Christopher Ott, Assistant U.S. Attorney (718-254-6154)*